Harper J.
delivered the opinion of the Court.
The first question, is, whether the defendant could, by delivery merely, acquire a legal title to the obligations mentioned, so as to maintain an action on them in his own name. This I take to be settled by the case of Smith v. Lyons, State Rep. 334. That indeed was the case of a promissory note not payable to order, or bearer; but 1 think the decision applies with at least equal strength to an instrument of this sort. At common law no speeialty was assignable, though made payable to assigns, or to order, or bearer. No contract was transferable but under the *136 law merchant. Our statute makes specialties and unnegotiable notes for the payment of money assignable, and it has been decided that the assignment must be by writing. Smith v. Lyons, supra. Another question is, whether, supposing this to be an equitable assignment merely, the sealed notes could not be discounted against the plaintiff’s demand : If they could, the right to do so must rest upon authority ; for it is certain, that in general, Courts of law can only take notice of legal rights. This is implied in the words law, and equity, as distinguished from each other. Yet in some instances Courts of law have taken notice of the equitable interests of persons, not parties, to the suit. It is said to have been decided in Bottomley v. Brooks, and also in Budge v. Birch, cited in Winch v. Keeley, 1 T. R. 621, that where the bond sued on was given to the plaintiff in trust, for a third person, the defendant might set off a demand against the cestui qm trust. Taking those cases for authority, it is by no means clear that they would decide the present.
Vide Wake». East, 36.
The English statutes of set-off contain no provision like ours; that if the plaintiff shall be found indebted in a larger amount, judgment shall be rendered for the defendant; but only that if the demand of the defendant be to an equal or larger amount it shall be a bar to the action. It is regarded as exactly equivalent to payment. Collins v. Collins, 2 Burr, 825, In the present instance, the defendant’s demand is to a larger amount than the plaintiff’s; and how should judgment he rendered for him 1 I am not aware of any authority under our statute for setting off so much as may be sufficient to extinguish the plaintiff’s demand, leaving a balance which may still be sued for. Then shall judgment be rendered for the defendant on a demand, to which he is not legally intitled 1 or in the name of the obligee who is not a party to the suit. But the authority of the cases referred to, is more than questionable. In the case of Scholey and another v. Mearns, 7 East. 153, it is said, that the case of Bottomley v. Brooke, was overruled by the case of Lane v. Chandler, in the Exchequer. In the principal case it was pleaded that the bond sued on was held by the plaintiff in trust, for another, to whom defendant pleaded satisfaction. LordEllenborough expresses his opinion that the plea was bad on this ground, though the demurrer was sustained on another. In Doe v. Darnton, 3 East. 150, also Lord Ellenborough strongly *137 expresses his disapprobation of thus corrupting the simplicity of the common law pleading. Certainly nothing can tend more-to create uncertainty in the law, than confounding the boundaries of the legal and equitable jurisdictions. -The motion is therefore refused.